## In the United States District Court
## for the Northern District of Illinois
## Eastern Division

| | |
|---|---|
| Kuiper Ventures LLC, | |
| Plaintiff, | Case No. 25-cv-14396 |
| v. | JURY TRIAL DEMANDED |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A, | Dist. Judge: John F. Kness <br><br> Mag. Judge Heather K. McShain |
| Defendants | |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR ALTERNATIVE SERVICE

Kuiper Ventures, LLC, by and through counsel Jonathan L.A. Phillips, of **Phillips & Bathke, P.C.**, submits this Memorandum in support of its motion for alternative service.

### I.      Introduction

The only practical option for service of process is electronic service through the accounts Defendants use to conduct their infringing business. Plaintiff cannot serve these China-based defendants through traditional methods. China's Central Authority will not process the service for months or years. This method satisfies due process and complies with Federal Rule of Civil Procedure 4(f)(3).

Plaintiff owns the patent rights covering the infringing goods. The handful of Defendants in this case, all located in the People's Republic of China, have infringed by marketing, selling, and importing knockoff products through online marketplaces. Plaintiff's investigation uncovered some contact information. But, based on that information, traditional service methods will not work.

Plaintiff asks the Court to authorize service by electronic message, email, or both under Rule 4(f)(3). International agreements do not prohibit this method, and it satisfies due process. Courts routinely approve electronic service when defendants operate primarily through digital channels. Approving this motion will let the case move forward.

## II.    Background

Defendants operate exclusively online. They sell on Amazon, Temu, and similar marketplaces. No physical stores. No traditional distributors. Each has provided a location in China to the platforms and import records provide locations in China.

Their business model makes service harder. Most e-commerce sellers like these use drop shipping, avoiding holding inventory by having manufacturers ship directly to consumers or by sending bulk inventory to Amazon for fulfillment. With Defendants based in China information from the platforms, effective service is nearly impossible.

Business names may be aliases. Addresses may be mail drops or simply wrong. And service through China's Central Authority, which objected to service by postal channels under the Hague Convention, will not work in cases like this.

## III.    Legal Standard

Federal Rule of Civil Procedure 4(h)(2) governs service on foreign businesses. It incorporates Rule 4(f)'s methods for serving individuals abroad, except for personal service under Rule 4(f)(2)(C)(i). Rule 4(f) offers multiple service options.

Some courts in this District require plaintiffs to explain why alternative service is necessary. *See, e.g., Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 U.S. Dist. LEXIS 57588 at *18 (N.D. Ill. Apr. 19, 2013). Relying on *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002), the *Flava Works* court found no hierarchy in

Rule 4(f) and required a showing for alternative service. Other courts authorize alternative service when plaintiffs explain why it's warranted. *NBA Properties, Inc. v. P'ships & Unincorporated Ass'ns*, 549 F. Supp. 3d 790, 797 (N.D Ill. 2021). Plaintiffs can make this showing by demonstrating, for example, that Hague Convention methods would cause unacceptable delay. *1025 W. Addison St. Apts. Owner, LLC v. Grupo Cinemex, S.A. de C.V.*, No. 20-CV-06811, 2021 U.S. Dist. LEXIS 99131 at *21 (N.D. Ill. May 26, 2021).

But plaintiffs need not try Hague Convention service first. *See Flava Works, Inc.*, 2013 U.S. Dist. LEXIS 57588 at *18; *NBA Props*, 549 F. Supp. 3d at 796; *1025 W. Addison St.*, 2021 U.S. Dist. LEXIS 99131 at *22. Nothing in Rule 4(f)'s plain language requires attempting service under Rule 4(f)(1) before seeking alternative methods. *CFTC v. Caniff*, No. 19-CV-2935, 2020 U.S. Dist. LEXIS 33416 at *14 (N.D. Ill. Feb. 27, 2020); *see also Monco v. Zoltek Corp.*, No. 17-cv-6882, 2018 U.S. Dist. LEXIS 111967 at *11 (N.D. Ill. Apr. 24, 2018).

Court-ordered service has only two limits: it cannot violate international agreements, and it must satisfy due process. *See Rio Props.*, 284 F.3d at 1017-19. Due process requires that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Since these decisions, further support has developed in support of this conclusion. Illinois amended Supreme Court Rule 102 in April 2023 to permit electronic service, including by email, text message, and social media. Ill. Sup. Ct. R. 102.

## IV.    Argument

A.  Court-ordered service under Rule 4(f)(3) is necessary for two reasons.

First, this case requires speed. *See Strabala*, 318 F.R.D. at 114. Plaintiff has moved for a temporary restraining order and will seek a preliminary injunction. As the Verified Complaint and TRO motion show, Defendants continue infringing and may vanish with their profits unless the Court acts quickly. But the Court cannot grant relief until Defendants are served. Hague Convention service takes months or years. The infringement would continue unchecked.

Service through China's Central Authority takes six months at best, three or more years at worst.. Harris, D., *Serving Process on Chinese Defendants: Hague Service in China and the New Rules on Judgment Enforcement*, Harris Silwoski (Sept. 30, 2025). Often it takes much longer. *See Parsons v. Shenzen Fest Tech. Co.*, No. 18 CV 08506, 2021 U.S. Dist. LEXIS 35903, at *8 (N.D. Ill. Feb. 26, 2021) (allowing email service when China's Central Authority never responded after two years); *In re China Biopharma, Inc.*, 030320 SEC, 3-17886 (Sec. Exchange Comm'n March 3, 2020) (three years without service). These delays are incompatible with the need for prompt equitable relief to prevent infringement and asset dissipation. As one court here explained, "Schedule A plaintiffs cannot, as a practical matter, wait up to six months— an eternity in the e-commerce world—to physically serve dozens of overseas defendants who often have no real defense to the merits of their infringement claims." *Peanuts Worldwide LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 347 F.R.D. 316, 331 (N.D. Ill. 2024).

Second, Plaintiff cannot confirm basic facts about Defendants' corporate existence. Plaintiff's investigation uncovered seller names, purported business names,

addresses, and locations in China. But Plaintiff cannot verify whether the information Defendants gave the platforms or on import documents is accurate. Hague Convention service requires precision about the defendant's legal status and address. Plaintiff cannot provide that precision. Any attempt would be guesswork, likely rejected months later for inaccuracy, incompleteness, or translation errors.

Service by platform messaging solves both problems. It is fast. And it reaches Defendants where they operate: online.

B. Email and Platform Messaging Is Not Prohibited by International Agreement

Plaintiff proposes serving Defendants through electronic messages to their online merchant accounts or to email addresses associated with those accounts.

The Hague Convention does not prohibit electronic service. The "overwhelming majority of courts in this district" conclude that the Convention permits email service. *Peanuts Worldwide LLC*, 347 F.R.D. at 330. Courts in other districts routinely hold that a country's objection to Article 10 of the Hague Convention (permitting service through "postal channels") doesn't prohibit electronic service. *See SEC v. China SkyOne Med., Inc.*, No. CV 12-07543-MWF (MANx), 2013 U.S. Dist. LEXIS 202424, at *5-6 (C.D. Cal. Aug. 20, 2013) ("e-mail is sufficiently distinct from postal channels that the two should not be equated under the Hague Convention"). No international agreement prohibits the requested service.

If the Court orders, Plaintiff can also send the Summons and Verified Complaint via international courier to any address the platforms provided or Plaintiff's investigation uncovered. *See LG Corp. v. Huang Xiaowen*, No. 16-CV-1162 JLS (NLS), 2017 U.S. Dist. LEXIS 16611, at *7-8 (S.D. Cal. Feb. 6, 2017).

C. <u>The Proposed Service Comports with Due Process</u>

Rule 4(f)(3) service must satisfy due process. *Rio Properties*, 284 F.3d at 1016. The method must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. Courts have concluded "without hesitation" that email service satisfies due process when defendants "had neither an office nor a door; [they] had only a computer terminal." *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017–18 (9th Cir. 2002).

Electronic service meets this standard. Messages through platforms like eBay, Amazon, and Temu reach Defendants where they operate and where they conduct their infringement. Email provides trackable delivery confirmation.

Courts consistently approve such service for online defendants. *See Ouyeinc Ltd. v. Alucy*, No. 20 C 3490, 2021 U.S. Dist. LEXIS 118876, at *8-9 (N.D. Ill. June 25, 2021) (collecting cases); *Microsoft Corp. v. Goldah.Com Net. Tech. Co.*, No. 17-CV-02896-LHK, 2017 U.S. Dist. LEXIS 168537, at *14-15 (N.D. Cal. Oct. 11, 2017); *see also Rio Properties*, 284 F.3d at 1016.

Electronic service alone satisfies due process. But if the Court orders and to the extent known or later discovered, Plaintiff will follow electronic service with courtesy copies delivered by international courier to any address discovered for Defendants or linked to their merchant accounts. This approach exceeds constitutional requirements.

D. <u>D. Defendants' Contact Information</u>

Plaintiff will serve Defendants listed on Schedule A by electronic message through the platforms and by email, if known. If third parties provide additional email addresses, Plaintiff will serve those too. If the Court requires and to the extent Plaintiff

has a physical address, Schedule A lists those addresses for courtesy copies after formal service.

## V.    Conclusion

For the reasons above, Plaintiff requests that it be provided leave to serve Defendants under Federal Rule of Civil Procedure 4(f)(3) by email or electronic message.

Respectfully submitted,
Kuiper Ventures LLC, by
s/ Jonathan L.A. Phillips
Jonathan L.A. Phillips (IL6302752)
**Phillips & Bathke, P.C.**
300 Northeast Perry Avenue
Peoria, Illinois 61603
(309) 834-2296
jlap@pb-iplaw.com