**In the United States District Court
for the Northern District of Illinois
Eastern Division**

| | |
|---|---|
| Kuiper Ventures LLC, | |
| Plaintiff, | Case No. 25-cv-14396 |
| v. | JURY TRIAL DEMANDED |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A, | Dist. Judge John F. Kness |
| | Mag. Judge Heather K. McShain |
| Defendants | |

**MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO FILE AND MAINTAIN CERTAIN DOCUMENTS UNDER
SEAL, TEMPORARILY**

Jonathan L.A. Phillips (IL6302752)
**Phillips & Bathke, P.C.**
300 Northeast Perry Avenue
Peoria, Illinois 61603
(309) 834-2296
jlap@pb-iplaw.com

1

## I.     Introduction

Plaintiff seeks relief, *ex parte*, in this patent infringement case. Without sealing, Defendants could learn of these proceedings and likely destroy relevant evidence and hide or transfer assets to foreign jurisdictions. The reasons for this are set forth in undersigned's declaration in support of a Motion seeking injunctive relief and an asset restraint. Exhibit 1.

## II.     Prefecatory Statement: This Case Avoids The Schedule A Deficiencies Identified in *Eicher Motors*

At the outset, Plaintiff notes its awareness of this Court's decision in *Eicher Motors, Ltd. V. Partnerships & Unincorporated Associations Identified in Schedule "A,"* 2025 U.S. Dist. LEXIS 153243, 794 F. Supp. 3d 543, (N.D. Ill. Aug. 8, 2025). As explained in its Memorandum in Support of a Motion for Temporary Restraining Order and other associated relief [Doc. 11 (sealed); Doc. 12 (redacted)] this is a well investigated suit, one of eight, is against only a handful of Chinese entities who are prolifically infringing in an enterprise sufficient to allow for joinder under the Patent Act's more stringent requirements.

## III.     Argument

Courts often seal documents in patent infringement cases to preclude defendants from learning about the case until assets can be restrained. *See, e.g., Chrome Cherry, Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-cv-05491, 2021 U.S. Dist. LEXIS 252339 at *4-5 (N.D. Ill. Oct. 20, 2021). When making such a determination, a court considers whether "good cause" supports sealing the requested information from the public record. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins.*, 178 F.3d 943, 944 (7th Cir. 1999); Fed. R. Civ. P. 26(c). Courts have found good cause to file under seal a list of defendants and an *ex parte* temporary

1

restraining order in a design patent infringement case like this one, involving e-commerce stores. *See, e.g., Chrome Cherry Ltd.,* 2021 U.S. Dist. LEXIS 252339 at *4-5.

Here, Plaintiff is moving for a temporary asset restraint. If the documents and information noted above are not redacted or filed under seal, then the Defendants may learn their assets are at risk. This is all the more the case when e-commerce operators that infringe on intellectual property often monitor and discuss cases like these on sites like QQ.com. These Defendants, all being Chinese entities, would be incentivized to move assets beyond the jurisdiction of U.S. courts before they can be restrained. Any business would seek to limit its exposure. Exhibit 1. It is no surprise that Chinese entities would do so. And, in doing so, they would frustrate the Court's ability to provide equitable relief of disgorgement, which is sought here. Even if the Chinese entities wanted to pay from Chinese bank accounts, they very likely would not be able to. Exhbit 1.

As Defendants are operating on platforms like Temu and Amazon, their funds are typically held by those platforms and disbursed on a certain schedule. Being Chinese, it is logical to expect those disbursements are going to Chinese, or other offshore, accounts. And if the stores were not already configured that way, there is every reason to do so when facing a suit like this one.

Once the temporary restraining order is served on the relevant parties and requested actions taken, then Plaintiff will promptly move to unseal these documents. Thus, there is good cause to seal these documents, temporarily, with little harm to the public who will have access to the documents as soon as asset restraints are employed.

## IV. Conclusion

For these reasons, the Motion for Leave to File and Maintain Certain Documents Under Seal, Temporarily, should be granted.

Respectfully submitted,
Kuiper Ventures LLC, by

s/ Jonathan L.A. Phillips
Jonathan L.A. Phillips (IL6302752)
**Phillips & Bathke, P.C.**
300 Northeast Perry Avenue
Peoria, Illinois 61603
(309) 834-2296
jlap@pb-iplaw.com
